## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, | ) | Case No. 4:17-cv-01400-MH-FHS |
| L.P. and WELDBEND CORPORATION, | ) | Jury |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ULMA FORJA S. COOP. a/k/a ULMA | ) | |
| PIPING and ULMA PIPING USA CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)

Boltex Manufacturing Company, L.P. and Weldbend Corporation ("Plaintiffs") and

Defendants Ulma Forja, S. Coop. a/k/a Ulma Piping and Ulma Piping USA Corp. (collectively,

"Defendants"), through the undersigned counsel, hereby submit their Joint Discovery/Case

Management Plan ("Plan").

1.     **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses:**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on

Septembe 15, 2017 telephonically and the following participated:

A.     **Counsel for Plaintiff:**

**Saul Perloff**
Attorney-In-Charge
Texas Bar No. 00795128
S.D. Texas Federal ID No. 20748
saul.perloff@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205
T +1 210 270 7166
F +1 210 270 7205

**Katharyn Grant**
Texas Bar No. 24050683
S.D. Texas Federal ID No. 641461
katharyn.grant@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205
T +1 210 270 7182
F +1 210 270 7205

**Marc Collier**
Texas Bar No. 00792418
S.D. Texas Federal ID No. 24057
marc.collier@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
T +1 512 474 5201
F +1 512 536 4598

B.      **Counsel for Defendants:**

**David E. Harrell, Jr.**
Attorney-In-Charge
Texas Bar No. 00793905
S.D. Texas Fed. ID No. 19392
dharrell@lockelord.com
LOCKE LORD
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1138
F +1 713 223 3717

**Jason Mueller**
Texas Bar No24047571
S.D. Texas Fed. ID No1069812
jmueller@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T +1 214 740 8000
F +1 214 740 8800

**Stephen P. Murphy**
steve.murphy@lockelord.com
LOCKE LORD LLP

701 8th Street N.W., Washington, DC  20001
T +1 202 478 7376
F +1 202 220 6945

**Harry Holmes Thompson**
Texas Bar No. 24088527
S.D. Texas Fed. ID No. 2211153
hthompsonl@lockelord.com
LOCKE LORD LLP
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1222
F +1 713 226 3717

**Nicholas Demeropolis**
Texas Bar No. 24069602
S.D. Texas Fed. ID No. 1094909
ndemeropolis@lockelord.com
LOCKE LORD LLP
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1434
F +1 713 226 3717

2.     **List the cases related to this one that are pending in any state or federal court with the case number and the court, and state how they are related.**

*Boltex Manufacturing Co. and Weldbend Corporation v. Galperti, Inc. and Officine Nicola Galperti e Figlio, S.p.A.*, Case No. 4:17-cv-01439, U.S. District Court for the Southern District of Texas, Houston Division.  As in the present case, Plaintiffs allege that Defendants engaged in false advertising and unfair competition in violation of the Lanham Act and state law by advertising their carbon steel flanges as normalized and in compliance with ASTM standards when they are not.

Defendants disclose the following case as related: *Finished Carbon Steel Flanges from India, Italy, and Spain*, DOC Investigation Nos. A-533-871, A-475-835, A-469-815, and C-533-872, ITC Investigation Nos. 701-TA-563, 28454152 and 731-TA-1331-1333 (the "ITC Proceeding"). In the ITC Proceeding, Plaintiffs assert that manufacturers and importers from India, Italy (including Galperti), and Spain (including Ulma), sold finished carbon steel flanges

- 3 -

manufactured in those countries at less than fair market value in violation of the Tariff Act of 1930. Plaintiffs disagree that the above is a related case.

**3.      Specify the allegation of federal jurisdiction.**

This Court has original jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121(a), because it arises under the Lanham Act.  This Court has subject matter jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction, because the subject matter is so related to the claims asserted under federal law as to form part of the same case or controversy.

**4.      Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

**5.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, the Parties do not anticipate naming any additional parties to the suit, but reserve the right to do so based on information learned in discovery.

**6.      List anticipated interventions.**

None anticipated in this time.

**7.      Describe class-action issues.**

Not applicable.

**8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not describe, the arrangements that have been made to complete the disclosures.**

The parties have not yet made their Rule 26(a) initial disclosures.  Plaintiffs propose that the parties should make their initial disclosures by **September 29, 2017**.  Defendants propose that the parties should make their initial disclosures within two weeks after the Court has ruled upon the pending motion to dismiss.

- 4 -

**9.**     **Describe the proposed agreed discovery plan, including:**

**A.**     **Responses to all the matters raised in Rule 26(f).**

The parties agree to abide by the limits in FED. R. CIV. P. 33, 34 and 36, except as modified as follows:

1.     Maximum of 35 requests for admission by each party to the other party with responses due 30 days after service unless otherwise agreed.

2.     Pursuant to FED. R. CIV. P. 30(a)(2)(A)(i), a maximum of 10 fact witness depositions per party, absent leave of the court or the agreement of the parties. The parties agree to the presumptive time limit of 7 hours per deposition. On a case-by-case basis, a party may request additional time for a 30(b)(6) deposition, and such additional time shall not be unreasonably withheld, provided that 1) the request is made at least five business days before the agreed-to date of the deposition; 2) no deposition is required to extend for more than 7 hours in any one day absent agreement; and 3) no single witness will be required to appear on consecutive days absent agreement of the parties. Each party shall have the right to depose each testifying expert disclosed by any other party.

**B.**     **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs served their initial interrogatories on Defendants on Sep. 20, 2017.

**C.**     **When and to whom the defendants anticipate they may send interrogatories.**

Defendants anticipate serving initial interrogatories on Plaintiffs Boltex Manufacturing Company, L.P. and Weldbend Corporation either shortly after the parties' Rule 26(f) conference, or within fourteen days after the Court rules on the pending motion to dismiss, whichever is later.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate deposing Defendants' 30(b)(6) witnesses and any additional fact witnesses identified by Defendants, pursuant to FED. R. CIV. P. 30(b)(1), within sixty

(60) days of receipt of Defendants' discovery responses, subject to resolution of any motions to resolve discovery issues.  At present, Plaintiffs anticipate deposing certain technical/engineering personnel, sales/marketing personnel, and financial/accounting personnel of Defendants identified in Defendants' initial disclosures and/or through a review of Defendants' documents.  Plaintiffs may also need third-party depositions of others involved in the manufacture, heat treatment, testing marketing and sale of Defendants' purportedly normalized carbon steel flanges.  Plaintiffs anticipate the identity of such witnesses will be discovered as discovery progresses.  Further, Plaintiffs anticipate deposing any testifying expert witnesses designated by Defendants.

**E.     Of whom and by when the defendants anticipate taking oral depositions.**

Defendants anticipate deposing Plaintiffs' 30(b)(6) witnesses and any additional fact witnesses identified by Plaintiffs, as well as any persons (i) involved in the testing of flanges manufactured by Ulma, (ii) involved in Plaintiffs' sales and marketing of finished carbon steel flanges, or (iii) who gave declarations or affidavits to the ITC, or provided information to prepare the declarations or affidavits given to the ITC, in the ITC Proceeding. Defendants also anticipate deposing any testifying expert witnesses designated by Plaintiffs.

**F.     Experts**

**(i)     Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

Subject to Defendants' pending motion to stay, the parties agree that parties with the burden of proof on an issue will designate experts and provide reports from retained experts under FED. R. CIV. P. 26(a)(2)(B) on or before **May 14, 2018**.

    **(ii)**     **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

Subject to Defendants' pending motion to stay, the parties agree that parties who do not carry the burden of proof on an issue will designate experts and provide reports from retained experts under FED. R. CIV. P. 26(a)(2)(B) on defensive issues on or before **June 18, 2018**.

**G.**     **List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking the deposition of any expert properly designated by Defendants including at least any expert that submits a report and/or is expected to testify in this matter. Plaintiffs anticipate completing Defendant' expert's deposition within thirty (30) days of disclosure of same.

**H.**     **List expert depositions the defendants anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the deposition of any expert properly designated by Plaintiffs, including any expert that submits a report and/or is expected to testify in this matter. Defendants anticipate completing Plaintiffs' experts depositions within thirty (30) days of disclosure of same.

**10.**     **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Defendants intend to file a motion to stay discovery on the same day as this Plan. Plaintiffs disagree that a stay of discovery is appropriate or allowed under the Federal Rules and will oppose Defendants' motion. If granted, the Parties will work together to submit a revised Plan with appropriate date adjustments as needed.

**11.      Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiffs have served their First Requests for Production, Electronically Stored Information & Things on both Defendants.  Defendants note that service upon ULMA FORJA, S.COOP was made pursuant to the Federal Rules of Civil Procedure, not pursuant to the Hague Service Convention and Defendant ULMA FORJA S.COOP reserves all rights provided by the Hague Service Convention.

**12.      State the date the planned discovery can be reasonably completed.**

The parties anticipate that discovery can be completed by **July 27, 2018**, unless there are unexpected case delays or an adjustment needs to be made pursuant to the Court's order on Defendants' pending motion to stay.

**13.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

At this point, the parties are unsure whether a prompt settlement or resolution is possible in this matter.  As discovery progresses, the parties are interested in  negotiating the possibility of settlement through mediation and possibly other alternative dispute resolution.

**14.      Describe what each party has done or agreed to do to bring about a prompt resolution.**

At this point, the parties have not engaged in settlement negotiations and are unsure whether a prompt settlement or resolution is possible in this matter.  As discovery progresses, the parties are interested in  negotiating the possibility of settlement through mediation and possibly other alternative dispute resolution.

**15.      From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Presently, the Parties believe that mediation may be suitable at a time prior to the close of discovery.  The Parties agree that mediation is a reasonably suitable alternative dispute resolution technique that is available.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiffs made their jury demand in their Original Complaint filed on May 5, 2017.

18. **Specify the number of hours it will take to present evidence in this case.**

Plaintiffs presently estimate that it will take 80 trial hours to present the evidence in this case. Defendants estimate that each side should be able to present its case in 20 hours, for a total of 40 hours to present evidence, exclusive of opening, closing, and voir dire.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Motion to Dismiss filed on August 7, 2017. (Dkt. No. 16).

20. **List other motions pending.**

None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Because the parties to this action are competitors, the parties believe that a protective order is necessary and will agree to entry of a Consent Protective Order.

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced, and will file a separate Electronic Discovery Plan memorializing their agreements.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**COUNSEL FOR PLAINTIFF:**

**Saul Perloff**
Attorney-In-Charge
Texas Bar No. 00795128
S.D. Texas Federal ID No. 20748

saul.perloff@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Direct Tel. +1 210 270 7166

**Katharyn Grant**
Texas Bar No. 24050683
S.D. Texas Federal ID No. 641461
katharyn.grant@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Direct Tel. +1 210 270 7182

**Marc B. Collier**
Texas Bar No. 00792418
S.D. Fed. Bar No. 24057
marc.collier@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
Direct Tel. +1 512 536 4549

**Robert L. Rouder**
Texas Bar No. 24037400
S.D. Fed. Bar No. 3108753
robert.rouder@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
Direct Tel. +1 512 536 2491

**COUNSEL FOR DEFENDANTS:**

**David E. Harrell, Jr.**
Attorney-In-Charge
Texas Bar No. 00793905
S.D. Texas Fed. ID No. 19392
dharrell@lockelord.com
**LOCKE LORD LLP**
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1138

**Nicholas Demeropolis**
Texas Bar No. 24069602
S.D. Texas Fed. ID No. 1094909

ndemeropolis@lockelord.com
**LOCKE LORD LLP**
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1434

**Harry Holmes Thompson**
Texas Bar No. 24088527
S.D. Texas Fed. ID No. 2211153
hthompsonl@lockelord.com
**LOCKE LORD LLP**
JP Morgan Chase Tower
600 Travis, Suite 2800
Houston, Texas 77002
T +1 713 226 1222

**Jason Mueller**
Texas Bar No. 24047571
S.D. Texas Fed. ID No. 1069812
jmueller@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T +1 214 740 8000

Dated: September 22, 2017

**ATTORNEYS FOR PLAINTIFFS BOLTEX MFG. CO. and WELDBEND CORPORATION:**

s/*Kathy Grant*

**Saul Perloff**
Attorney-In-Charge
Texas Bar No. 00795128
S.D. Texas Federal ID No. 20748
saul.perloff@nortonrosefulbright.com
**Katharyn Grant**
Texas Bar No. 24050683
S.D. Texas Federal ID No. 641461
katharyn.grant@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Tel.    (210) 224-5575
Fax    (210) 270-7205

**Marc B. Collier**
Texas Bar No. 00792418
S.D. Fed. Bar No. 24057
marc.collier@nortonrosefulbright.com
**Robert L. Rouder**
Texas Bar No. 24037400
S.D. Fed. Bar No. 3108753
robert.rouder@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
Tel.    (512) 474-5201
Fax    (512) 536-4598

**ATTORNEYS FOR ULMA FORJA S. COOP. a/k/a ULMA PIPING and ULMA PIPING USA CORP.:**

s/*Jason Mueller*

**David E. Harrell, Jr.**
Attorney-in-Charge
Texas Bar No. 00793905
S.D. Texas Federal ID No. 19392
dharrell@lockelord.com
**Nicholas J. Demeropolis**
Texas Bar No. 24069602
S.D. Texas Federal ID No. 1094909
dharrell@lockelord.com
**Harry H. Thompson**
Texas Bar No. 24088527
S.D. Texas Federal ID No. 2211153
hthompson@lockelord.com
**LOCKE LORD LLP**
2800 JP Morgan Chase Tower
600 Travis St.
Houston, Texas 77002
Tel.    (713) 226-1200
Fax    (713) 223-3717

**Jason Mueller**
Texas Bar No. 24047571
S.D. Texas Federal ID No. 1069812
jmueller@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Tel.    (214) 740-8000
Fax    (214) 740-8800

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF-system for the Southern District of Texas and that the ECF-system will send a Notice of Electronic Filing to the following CM/ECF recipients on this the 22nd day of September, 2017:

| **Counsel for Defendants:** | **By Email:** |
|---|---|
| David E. Harrell, Jr. | dharrell@lockelord.com |
| Jason Mueller | jmueller@lockelord.com |
| Harry Holmes Thompson | hthompson@lockelord.com |
| Nicholas Demeropolis | ndemeropolis@lockelord.com |

*s/Kathy Grant*
Kathy Grant
Attorney for Plaintiffs