IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BOLTEX MANUFACTURING COMPANY, §
L.P., and WELDBEND CORPORATION, §
§
Plaintiffs, §
§
V. § CIVIL ACTION NO. H-17-1400
§
ULMA FORJA, S. COOP a/k/a ULMA §
PIPING and ULMA PIPING USA CORP., §
§
Defendants. §

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Plaintiffs' Motion to Strike Paragraphs 37, 38 and 39 of Defendants' Counterclaims (Document No. 69). Having considered the motion, the response in opposition, Plaintiffs' reply, the allegations in paragraphs 37-39 of Defendants' counterclaims, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion to Strike (Document No. 69) be GRANTED in PART and DENIED in PART.

This is a false advertising and unfair competition case brought by Plaintiffs Boltex Manufacturing Company, L.P. and Weldbend Corporation against Defendants Ulma Forja S. Coop. and Ulma Piping USA Corp. for alleged misrepresentations/false advertising about their carbon steel flanges. According to Plaintiffs, Defendants represent and advertise their carbon steel flanges as "normalized," meaning that they are heat treated, when, in fact, they are not. Defendants have filed a false advertising and unfair competition counterclaim against Plaintiffs, alleging that Plaintiffs have falsely marketed and advertised their carbon steel flanges as "Made in the USA" and/or "American Made," when they are not. As part of the "Factual Background" section of its Counterclaim, Defendants allege in three paragraphs that Plaintiffs/Counter-Defendants have a

history of deceiving customers about their products' country of origin. It is those three paragraphs, 37, 38 and 39 of Defendants' counterclaim, which Plaintiffs seek to strike as "immaterial, impertinent, and scandalous."

> Under FED. R. CIV. P. 12(f),
>
> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

The striking of allegations under Rule 12(f) is both rare and disfavored. *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "A motion to strike is only proper where the allegations to be stricken have no possible relation to the claims or causes of action. All doubts are resolved against striking the pleadings." *Bates v. Laminack*, 938 F. Supp. 2d 649, 668 (S.D. Tex. 2013) (internal citations omitted).

Allegations are scandalous, and subject to being stricken under Rule 12(f), if they "improperly cast[] derogatory light on someone, most typically on a party to the action[,] [but] [i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.). Allegations are immaterial and subject to being stricken if they have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.*

Here, the allegations Plaintiffs seek to strike, contained in paragraphs 37-39 of Defendants' counterclaim and offered presumably in an attempt to show that Plaintiffs have historically had

unfair competition issues of their own, start with references to a 1961 grand jury indictment of Plaintiff Weldbend Corporation's founder, James J. Coulas, Sr., and his alleged admissions "during that proceeding . . . that he intentionally removed the English country of origin markings from imported fittings and flanges, and die-stamped U.S. trade names onto them." ¶ 37. The allegations then make reference to a 1990 lawsuit between Plaintiff Weldbend Corporation and Tube Forgings of America Inc., in which Weldbend was enjoined "from removing country-of-origin markings from fittings formed and beveled in foreign countries and from selling from its inventory any fitting that was formed and beveled overseas and has had its country-of-origin marking removed." ¶ 38 Finally, the allegations reference a 2003 lawsuit between Plaintiff Weldbend Corporation and Silko Industries, Inc., and the allegations that "Weldbend imported foreign-manufactured fittings and flanges that it then passed off to U.S. customers as either "Made in USA" or of "domestic" manufacture by Weldbend." ¶ 39. Plaintiffs argue that the allegations in paragraph 37 should be stricken as scandalous because James J. Coulas, Sr. was acquitted of the charges mentioned in that paragraph. As for the allegations in paragraphs 38 and 39, Plaintiffs argue that they should be stricken as immaterial because the prior civil actions mentioned therein were never resolved on the merits. Defendants respond that Plaintiffs have not met the heavy burden of establishing that the allegations in paragraphs 37-39 have no bearing on the claims and issues in this case.

Whether allegations should be stricken pursuant to Rule 12(f) generally falls within the discretion of the trial court. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1169 (5th Cir. 1979). That discretion explains, at least in part, each side's reliance on seemingly inconsistent cases that support their respective positions. Those competing cases aside, the Magistrate Judge concludes that the allegations in paragraph 37 should be stricken as scandalous and immaterial, but that the

allegations in paragraphs 38 and 39, because they have some bearing on Defendants' counterclaim, should not be stricken.[1]

Defendants allege in their counterclaim that Plaintiffs are falsely representing that their products are "Made in the USA" or "American Made." Because similar allegations were made against Plaintiffs in the prior civil actions mentioned in paragraphs 38 and 39, the allegations in paragraphs 38 and 39 have some bearing on Defendants' counterclaim. *See e.g. Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 301 (W.D. Tex. 2017) (denying motion to strike references to "other FLSA lawsuits filed against Defendants and two prior Department of Labor ("DOL") investigations"). In contrast, the allegations contained in paragraph 37 about similar misrepresentations and an indictment from 1961 – over fifty years ago – do not have the same relation to Defendants' counterclaim for two reasons. First, the alleged misrepresentations are too remote and the associated evidentiary hurdles are too high. While Defendants allege in paragraph 37 that James J. Coulas, Sr. made admissions "that he intentionally removed the English country of origin markings from imported fittings and flanges, and die-stamped U.S. trade names onto them," Defendants have provided no context for their assertion that James J. Coulas, Sr. actually made any such admissions.[2] Second, as pointed out by Plaintiffs, the criminal charges against James J. Coulas, Sr. that are mentioned in paragraph 37 were fully dismissed. Defendants' reference in paragraph 37

---

[1] While Plaintiffs rely on *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) for the proposition that allegations about "complaints in other actions that have been dismissed, settled, or otherwise not resolved" are always immaterial, no Court in this Circuit had adopted that position.

[2] Also, importantly, in response to the Motion to Strike, Defendants retreat a bit from their allegation that Coulas "made" such admissions and now argue that he "*may* have admitted that he intentionally removed the English country of origin markings." Response (Document No. 72) at 7.

4

to that proceeding in a manner that suggests culpability on the part of Plaintiffs or James J. Coulas, Sr. is therefore scandalous. *See People's Choice Home Loan, Inc. v. Mora*, Civil Action No. 3:06-CV-1709-G, 2007 WL 708872 *2 (N.D. Tex. Mar. 7, 2007) ("As a general matter, references to criminal indictments and/or criminal pleas that do not serve to prove a necessary element of the civil causes of action or that do not arise out of the same series of events as the civil action should be stricken from the pleadings."). It is all the more scandalous given that James J. Coulas, Sr. is not a party to this case and has been deceased since 2007.

Based on the foregoing, and the conclusion that the allegations in paragraph 37 of Defendants' counterclaim are scandalous and immaterial, but that the allegations in paragraphs 38 and 39 have some bearing on Defendants' counterclaim, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion to Strike (Document No. 69) be GRANTED in PART and DENIED in PART, and that paragraph 37 of Defendants' counterclaim be STRICKEN pursuant to Fed. R. Civ. P. 12(f) as scandalous and immaterial.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of November, 2018.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE