UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, L.P. and WELDBEND CORPORATION, | ) ) ) | Case No. 4:17-cv-01400 |
| | ) | JURY DEMANDED |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | |
| ULMA PIPING USA CORP. and ULMA FORJA, S.COOP a/k/a ULMA PIPING, | ) ) ) | |
| Defendants/Counter-Plaintiffs | ) ) | |

**BOLTEX MANUFACTURING COMPANY, L.P. AND WELDBEND CORPORATION'S ANSWER TO ULMA PIPING USA CORP. AND ULMA FORJA, S. COOP A/K/A ULMA PIPING'S COUNTERCLAIMS**

Plaintiffs/Counter-Defendants Boltex Manufacturing Company, L.P. ("Boltex") and Weldbend Corporation ("Weldbend") (collectively "Counter-Defendants"), by and through their attorneys, hereby responds to Defendant/Counter-Plaintiffs Ulma Piping USA Corp. ("Ulma USA") and Ulma Forja, S. Coop a/k/a Ulma Piping ("Ulma Forja") (together, "Defendants/Counter-Plaintiffs") Counterclaims (Dkt. 68). The numbered paragraphs below correspond to the numbered paragraphs in Defendants' Counterclaims. Counter-Defendants assume that all headings in the Counterclaims are immaterial and do not call for a response. To the extent a response is called for, Counter-Defendants deny all allegations in the headings.

**NATURE OF THE COUNTERCLAIM**

1. The allegations in Paragraph 1 of the Counterclaims purport to characterize the nature of the Counterclaims and to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants admit that Counter-Plaintiffs purport to assert claims for false designation of origin on its goods, false advertising, and unfair competition, but deny that it has set forth sufficient facts to state a plausible claim for relief.

## PARTIES

2. Counter-Defendants admit the allegations in Paragraph 2.

3. Counter-Defendants admit the allegations in Paragraph 3.

4. Counter-Defendants admit the allegations in Paragraph 4.

5. Counter-Defendants admit the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of the Counterclaims purport to state a conclusion of law, to which no response is required. To the extent a response is required, Counter-Defendants state that this Court enjoys subject matter jurisdiction in this matter.

7. The allegations in Paragraph 7 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent a response is required, Counter-Defendants state that this Court enjoys supplemental jurisdiction in this matter.

8. The allegations in Paragraph 8 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent a response is required, Counter-Defendants state that this Court is a proper venue for this matter.

## FACTUAL BACKGROUND

9. Counter-Defendants admit the allegations in Paragraph 9.

10. Counter-Defendants admit that they commercially advertise and promote their carbon steel flanges and special forged products through a variety of media, including predominantly in their responses to requests for quotes from customers, invoices, material test reports, and labeling (marking). Counter-Defendants deny the remaining allegations in Paragraph 10.

11. Counter-Defendants admit that, in their commercial advertisements and promotional material specifically, in their responses to requests for quotes from customers,

invoices, material test reports, and labeling (marking), they accurately describe their products that are forged and manufactured in the USA from steel melted in the USA as "American-made," "Made in USA," "USA," and "Made in the USA with USA Steel." Counter-Defendants deny the remaining allegations in Paragraph 11.

12. Counter-Defendants admit that they accurately describe their products that are forged and manufactured in the USA from steel melted in the USA as "Made in the USA" or "USA" on product labeling (marking) and packaging materials. Counter-Defendants deny the remaining allegations in Paragraph 12.

13. Counter-Defendants admit that, in their commercial advertisements and promotional material, they accurately describe products that are forged and manufactured in the USA from steel melted in the USA as made from materials of U.S. origin. Counter-Defendants deny the remaining allegations in Paragraph 13.

14. Counter-Defendant Boltex admits that Paragraph 14 of the Counterclaims appears to contain a true and accurate copy of an image taken from Boltex's website (http://www.boltex.com/about-boltex-flanges.html). Counter-Defendant Boltex denies the remaining allegations in Paragraph 14.

15. Counter-Defendant Weldbend admits that Paragraph 15 of the Counterclaims appears to contain true and accurate copies of images and descriptions of elbow and/or tee fittings—not carbon steel flanges—from pages 10-11 and 168 of Weldbend's catalog (https://www.weldbend.com/catalog.pdf). Counter-Defendant Weldbend admits that its catalog states that "If Weldbend marks their fittings 'Made in the USA', it is your assurance that both the starting material and the complete production is of USA origin" as reproduced in Paragraph 15. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 15.

16. Counter-Defendant Weldbend admits that Paragraph 16 of the Counterclaims depicts an incomplete version of an image that appears in Weldbend's current price sheet that is accessible from its website, and which distinguishes between its "American made" line of products, which "uses only top-quality steel from U.S. mills," and the other lines of products that use "high quality" non-U.S. steel. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 16.

17. Counter-Defendant Weldbend admits that Paragraph 17 appears to contain images from social media depicting certain packaging materials for Weldbend fittings— not carbon steel flanges—that display images of Uncle Sam and the American flag, and contain the statements s "This product Made in the USA with USA Steel," "Boost the U.S.A.," and "comply with the 'Buy American Act.'" Counter-Defendant Weldbend denies that such packaging is used for flanges. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 17.

18. Counter-Defendant Boltex admits that the sample Certificate of Compliance available on its website accurately states, among other things, "[a]ll flanges bearing the 'BOLTEX' name have been manufactured in the U.S.A. at our Houston, Texas facility." Counter-Defendant Boltex also admits that certain Material Test Reports accurately state that "[a]ll products bearing the 'BOLTEX' name or logo 'b' with the heat number prefix listed on the legend below have been manufactured at our Houston, TX facilities from steel melted and forged in the U.S.A. All other products have been manufactured at our Houston, TX facilities." Counter-Defendant Boltex denies the remaining allegations in Paragraph 18.

19. Counter-Defendant Weldbend admits that Paragraph 19 of the Counterclaims appears to contain images of a variety of products such as elbows, tees, and flanges, where at least some of the images appear to be taken from Weldbend's catalog

(https://www.weldbend.com/catalog.pdf) and reproduced on Weldbend's distributors/third-parties' websites. Counter-Defendants deny the allegations in the first sentence of Paragraph 19. The allegations in the second sentence of Paragraph 19 purport to characterize and incompletely quote written and/or recorded documents, which speak for themselves and which should be read in their entirety and in context. Counter-Defendants deny the remaining allegations of Paragraph 19.

20. The allegations in Paragraph 20 purport to characterize and incompletely quote written and/or recorded documents, which speak for themselves and which should be read in their entirety and in context. To the extent a response is required, Counter-Defendants deny the remaining allegations in Paragraph 20.

21. Counter-Defendants admit that, in commercial advertisements and promotional material, they accurately describe themselves as American companies, and they accurately describe products that are forged and manufactured in the USA from steel melted in the USA as "American Made," "Made in the USA" or "USA." Counter-Defendants deny that they expressly or implicitly represent to customers that all of their products are "all American Made from American steel." Counter-Defendants deny the remaining allegations in Paragraph 21.

22. Counter-Defendants admit that, in commercial advertisements and promotional material, they accurately describe themselves as American companies, and they accurately describe products that are forged and manufactured in the USA from steel melted in the USA as "American Made," "Made in the USA" or "USA." Counter-Defendants deny that they have represented expressly or by implication that "all, or virtually all, of the steel comprising [their] products are [sic] of U.S. origin." Counter-Defendants also deny the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants admit that, in their commercial advertisements and promotional material, they accurately describe of their products that are forged and manufactured in the USA from steel melted in the USA as "American made," "Made in the USA" or "USA" and that these products enter interstate commerce. Counter-Defendants deny the remaining allegations in Paragraph 23.

24. Counter-Defendants admit that some of their products are made using steel imported from outside the United States, but deny that these products are advertised as "American Made," "Made in the USA," or "USA." Counter-Defendants deny the remaining allegations in Paragraph 24.

25. Counter-Defendants are without knowledge or information sufficient to form a belief regarding allegations as to what purported records from an unidentified international trade database purport to show, and therefore deny those allegations. Counter-Defendants are also without information sufficient to admit or deny the allegations in footnote 2, and accordingly deny same. Counter-Defendants further deny the allegations of Paragraph 25 to the extent it alleges that Counter-Defendants import finished flanges. Counter-Defendants deny the remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants admit that, in their commercial advertisements and promotional material, they accurately describe products that are forged and manufactured in the USA from steel melted in the USA as "Made in USA" or "USA." Counter-Defendants deny the remaining allegations in Paragraph 26.

27. Counter-Defendants admit that the Federal Trade Commission ("FTC") has published guidelines regarding "Made in the USA" claims. Counter-Defendants deny the remaining allegations in Paragraph 27. The allegations in footnote 3 purport to characterize a written document, which speaks for itself, and to assert a legal conclusion, to which no response is called.

28. Counter-Defendants admit that some of their products are made from non-U.S. steel, but deny that they advertise or label these products as "American Made," "Made in the USA," or "USA." Counter-Defendants deny the remaining allegations in Paragraph 28.

29. Counter-Defendants admit that some of their products are made from non-U.S. steel, but deny that they advertise or label these products as "American Made," "Made in the USA," or "USA." Counter-Defendants otherwise deny the allegations in Paragraph 29.

30. Counter-Defendants admit that some of their products are made from non-U.S. steel, but deny that they advertise or label these products as "American Made," "Made in the USA," or "USA." Counter-Defendants otherwise deny the allegations in Paragraph 30.

31. Counter-Defendants admit that they advertise the availability of products that are "American Made" and/or "Made in the USA," and that they label and/or stamp products as "American Made," "Made in the USA" or "USA" if those products are forged and manufactured in the USA from steel melted in the USA, but deny that they describe all of their products as made in the United States and with material of U.S. origin. Counter-Defendants deny the remaining allegations in Paragraph 31.

32. Counter-Defendants admit that they do not employ the statements, "Normalized in the USA" or "Finished in the USA" in their commercial advertising or promotion. Counter-Defendants deny the remaining allegations in Paragraph 32.

33. The allegations in Paragraph 33 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants deny the allegations in Paragraph 33.

34. The allegations in Paragraph 34 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants deny the allegations in Paragraph 34.

35. Counter-Defendants admit that Paragraph 35 appears to contain an image snipped from a Facebook post sharing a story about Counter-Defendant Boltex that appeared in the Houston Chronicle. Counter-Defendants are without sufficient knowledge to form a belief as to the identity of the group identified as "Bring Back American Jobs and Buy Products Made in the USA," and therefore deny any allegation that this group is comprised of purchasers or consumers of carbon steel flanges. Counter-Defendants deny the remaining allegations in Paragraph 35.

36. The allegations in Paragraph 36 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent responses are required, Counter-Defendants admit that they accurately describe products that are forged and machined in the USA from steel melted in the USA as "American Made," "Made in the USA" or "USA." Counter-Defendants deny that they claim all of their products are "Made in the USA" and/or "American Made," or that they use "Made in USA" and "American Made" designations in connection with products that are not forged and machined in the USA from steel melted in the USA. Counter-Defendants deny the remaining allegations in Paragraph 36.

37. Pursuant to United States District Judge Andrew S. Hanen's Order (Dkt. 84) adopting United States Magistrate Judge Frances H. Stacy's Memorandum and Recommendation (Dkt. 76) on Counter-Defendants' Motion to Strike Paragraphs 37, 38, and 39 of Counter-

Plaintiffs' Counterclaim (Dkt. 37), Paragraph 37 of the Counter-Plaintiffs' Counterclaim is stricken, and as such, no response is necessary.

38. The allegations in Paragraph 38 purport to characterize allegations in a complaint filed against Weldbend in 1990, which speaks for itself and which should be read in its entirety and in the context of the entire litigation (*See Tube Forgings of America, Inc. v. Weldbend Corporation*, Civ. No. 90-589-RE (D. Oregon)). The allegations in Paragraph 38 also purport to characterize certain alleged admissions by Weldbend and certain court decisions in the referenced litigation, which are contained in documents filed with or entered by the court in that litigation, and which should be read in their entirety and in the context of the entire litigation. To the extent a response is required, Counter-Defendant Weldbend admits that it was a defendant in a lawsuit filed in the United States District Court for the District of Oregon in 1990, that the case was contested and dismissed with prejudice. Counter-Defendant Weldbend further admits that a preliminary injunction was entered in March of 1991, but further states that the injunction was dissolved, and the complaint against Weldbend was dismissed with prejudice in March 1992. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 38.

39. The allegations in Paragraph 39 purport to characterize allegations in a counterclaim against Weldbend in a lawsuit in which Weldbend sued Silbo Industries, Inc., Pro-Fit Piping Components, Inc., and Allied Fitting Corporation for falsely marking certain products as to their country of origin (*Weldbend Corp. v. Silbo Industries, Inc. et al.*, Case No. 02-cv-08768 (N.D. Ill.). Silbo Industries' counterclaims speak for themselves. Further, Weldbend had moved to dismiss Silbo Industries' counterclaims, and the counterclaims were subsequently dismissed, with prejudice, upon stipulation, with no findings on the merits.

40. Counter-Defendants admit that they compete with Counter-Plaintiffs in the market for carbon steel flanges, that Counter-Defendant Weldbend competes with Counter-Plaintiffs in the market for carbon steel fittings, and that certain customers purchase products from both Counter-Defendants and Counter-Plaintiffs. Counter-Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 40 of the Counterclaims and therefore they deny those allegations.

41. Counter-Defendants deny the allegations in Paragraph 41.

42. Counter-Defendant Weldbend admits that it advertises the availability of products that are "Made in USA" and that it labels and/or stamps products that are forged and manufactured in the USA from steel melted in the USA as "Made in USA" or "USA." Further, Weldbend admits that it has used the term "unquestionable traceability" to describe its ability to trace the manufacturing history of its products to the manufacturer of the steel. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 42.

43. Counter-Defendant Boltex admits that it has provided a link on its website to a document titled "Boltex Reference Manual" that, among other things, generally describes the characteristics of carbon steel flanges conforming to various ASTM Standards. Counter-Defendant Boltex further admits that the formula described on page 3 as "Barlow's Formula" is the carbon equivalent formula, and not Barlow's Formula. Counter-Defendant Boltex further admits that the current limits on Vanadium, Phosphorus and Sulfur in carbon steel complying with ASTM A105 are misstated in Table 1 on page 3 of the document entitled "About Flanges." Counter-Defendant Boltex further admits that the maximum amount of Vanadium in carbon steel complying with ASTM A105 is 0.08 % by weight and not 0.03% as stated in Table 1. Counter-Defendant Boltex further admits that the maximum amount of phosphorus in carbon steel

complying with ASTM A105 is 0.035 % by weight and not 0.04% as stated in Table 1. Counter-Defendant Boltex further admits that the maximum amount of sulfur in carbon steel complying with ASTM A105 is 0.04 % by weight and not 0.05% as stated in Table 1. Counter-Defendant Boltex denies the remaining allegations of Paragraph 43.

44. Counter-Defendant Boltex denies the allegations of Paragraph 44.

<u>**COUNT I**</u>

**ALLEGED FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 § U.S.C. 1125(a)(1))**

45. Counter-Defendants incorporate by reference their answers to Counterclaim Paragraphs 1-44.

46. Counter-Defendants admit that they accurately describe ASTM A105 carbon steel flanges and certain high yield carbon steel flanges that are forged and manufactured in the USA from steel melted in the USA as "American made," "Made in the USA" or "USA," and that these products are sold in interstate commerce. Counter-Defendants deny the remaining allegations in Paragraph 46.

47. The allegations in Paragraph 47 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent any responses are required, Counter-Defendants admit that they accurately describe certain products that are forged and machined in the USA from steel melted in the USA as "American Made," "Made in the USA" or " "USA" and that these products are sold in interstate commerce. Counter-Defendants deny the remaining allegations in Paragraph 47.

48. Counter-Defendants deny the allegations in Paragraph 48.

49. Counter-Defendants deny the allegations in Paragraph 49.

50. Counter-Defendants deny the allegations of the first sentence of Paragraph 50. Counter-Defendants are without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 50 of the Counterclaims and therefore deny those allegations.

51. Counter-Defendants deny the allegations in Paragraph 51.

52. Counter-Defendants deny the allegations in Paragraph 52.

53. The allegations in Paragraph 53 of the Counterclaims purport to state conclusions of law, to which no responses are required. To the extent any responses are required, Counter-Defendants deny the allegations in Paragraph 53.

54. Counter-Defendants deny the allegations in Paragraph 54.

55. Counter-Defendants deny the allegations in Paragraph 55.

## COUNT II
### ALLEGED FALSE ADVERTISING UNDER THE LANHAM ACT (15 § U.S.C. 1125(a)(1))

56. Counter-Defendants incorporate by reference their answers to Counterclaim Paragraphs 1-55.

57. Counter-Defendants admit that they accurately describe ASTM A105 carbon steel flanges and certain high yield carbon steel flanges as that are forged and machined in the USA from steel melted in the USA "Made in the USA," "American Made" or "USA," and that these products are sold in interstate commerce. Counter-Defendants deny the remaining allegations in Paragraph 57.

58. Counter-Defendant Weldbend admits that it has at times used the term "unquestionable traceability" to describe its ability to trace the manufacturing history of its

products, including its carbon steel flanges, to the manufacturer of the steel. Counter-Defendant Weldbend denies the remaining allegations in Paragraph 58.

59. Counter-Defendants deny the allegations of the first sentence of Paragraph 59. As to the second sentence of Paragraph 59, Counter-Defendants admit that some of their products are made from non-U.S. steel, but deny that they advertise or label these products as "American Made," "Made in the USA" or "USA." Counter-Defendants otherwise deny the allegations in Paragraph 59.

60. Counter-Defendants deny the allegations in Paragraph 60.

61. Counter-Defendants deny the allegations of the first sentence of Paragraph 61. Counter-Defendants are without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 61 of the Counterclaims and therefore deny those allegations.

62. Counter-Defendants deny the allegations in Paragraph 62.

63. Counter-Defendants deny the allegations in Paragraph 63.

64. Counter-Defendants deny the allegations in Paragraph 64.

65. Counter-Defendants deny the allegations in Paragraph 65.

66. Counter-Defendants deny the allegations in Paragraph 66.

## COUNT III:
### ALLEGED COMMON LAW UNFAIR COMPETITION

67. Counter-Defendants incorporate by reference their answers to Counterclaim paragraphs 1-66.

68. Counter-Defendants deny the allegations in Paragraph 68.

69. With regard to the first sentence of Paragraph 69, Counter-Defendants admit that they describe some of their ASTM A105 carbon steel flanges and certain high yield carbon steel

flanges as "Made in the USA," "American Made" or "USA" but deny that such descriptions are false or misleading. With regard to the second sentence of Paragraph 69, Counter-Defendant Weldbend admits that it has at times made statements concerning the traceability of its flanges, but denies that those statements are false or misleading. Counter-Defendants deny the remaining allegations in Paragraph 69.

70. Counter-Defendant Boltex denies the allegations of the first sentence of Paragraph 70. With regard to the second sentence of Paragraph 70, Counter-Defendant Boltex admits that the carbon equivalent formula is misidentified as Barlow's formula on page 3 of the Reference Manual that has at times appeared on its website. Counter-Defendant Boltex further admits that the maximum amount of Vanadium in steel conforming to ASTM A105 is misstated as 0.03% by weight instead of 0.08% by weight in Table 1 of this same document. Counter-Defendant Boltex denies the remaining allegations of Paragraph 70, including but not limited to the allegations of sentences three and four of Paragraph 70.

71. Counter-Defendants deny the allegations in Paragraph 71.

72. Counter-Defendants deny the allegations in Paragraph 72.

73. Counter-Defendants deny the allegations in Paragraph 73.

74. Counter-Defendants deny the allegations in Paragraph 74.

## **APPLICATION FOR PERMANENT INJUNCTION**

75. Counter-Defendants incorporate by reference their answers to Counterclaim Paragraphs 1-74.

76. Counter-Defendants deny the allegations in Paragraph 76.

77. Counter-Defendants deny the allegations in Paragraph 77.

## ATTORNEYS' FEES

78. Counter-Defendants deny that Counter-Plaintiffs are entitled to attorneys' fees as alleged in Paragraph 78.

## PRAYER

Counter-Plaintiffs' "Prayer for Relief" paragraph, directly following Paragraph 78 of the Counterclaim, does not contain allegations of fact, and therefore no responsive pleading is required. To the extent a response is necessary, Counter-Defendants deny each and every allegation and assertion listed in the Prayer paragraph, including sub-parts a.-h. therein, and deny that Counter-Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, and reserving their right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Counter-Defendants assert the following separate and additional defenses.

## AFFIRMATIVE DEFENSE 1

79. Counter-Plaintiffs' Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE 2

80. Counter-Plaintiffs' Counterclaims are barred, in whole or in part, because Counter-Defendants acted in conformity with applicable law.

## AFFIRMATIVE DEFENSE 3

81. Counter-Plaintiffs' Counterclaims are barred, in whole or in part, because Counter-Defendants' statements about their products are true.

**AFFIRMATIVE DEFENSE 4**

82. Counter-Plaintiffs' claims are barred, in whole or in part, because Counter-Defendants' descriptions of their products as "Made in the USA" or "American Made" and "USA" are true.

**AFFIRMATIVE DEFENSE 5**

83. Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE 6**

84. Counter-Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

**AFFIRMATIVE DEFENSE 7**

85. Counter-Plaintiffs' claims are barred by the doctrine of laches.

**AFFIRMATIVE DEFENSE 8**

86. Counter-Plaintiffs cannot show any causal connection between the injuries allegedly sustained by Counter-Plaintiffs and Counter-Defendants' conduct.

**AFFIRMATIVE DEFENSE 9**

87. Counter-Plaintiffs cannot show that Counter-Defendants were the proximate cause of Counter-Plaintiffs' alleged injuries.

**AFFIRMATIVE DEFENSE 10**

88. Counter-Plaintiffs have not suffered any injury to a commercial interest in reputation or sales.

**AFFIRMATIVE DEFENSE 11**

89. Counter-Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE 12

90. Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## RESERVATION OF RIGHTS

91. Counter-Defendants reserve the right to amend their Answer to these Counterclaims, to assert additional affirmative defenses, and to supplement those asserted herein as factual and/or legal developments warrant.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Defendants Boltex and Weldbend respectfully pray that Counter-Plaintiffs' Counterclaims be dismissed with prejudice in their entirety, that Counter-Defendants Boltex and Weldbend be awarded their costs and attorneys' fees, and that the court order such other and further relief as it deems just and proper.

Dated: January 2, 2018          Respectfully submitted,

    *s/Saul Perloff*
    **Saul Perloff**
    **Attorney-In-Charge**
    Texas Bar No. 00795128
    S.D. Texas Federal ID No. 20748
    saul.perloff@nortonrosefulbright.com
    **Katharyn Grant**
    Texas Bar No. 24050683
    S.D. Texas Federal ID No. 641461
    katharyn.grant@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Tel. 210.224.5575

    **Marc B. Collier**
    Texas Bar No. 00792418
    S.D. Texas Federal ID No. 24057
    marc.collier@nortonrosefulbright.com
    **Robert L. Rouder**
    Texas Bar No. 24037400
    S.D. Texas Federal ID No. 3108753
    robert.rouder@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
Tel. 512.474.5201

**ATTORNEYS FOR PLAINTIFFS/COUNTER-DEFENDANTS BOLTEX MANUFACTURING COMPANY, L.P. and WELDBEND CORPORATION**

    **Carmine R. Zarlenga**
    S.D. Texas Federal ID No. 3144210
    czarlenga@mayerbrown.com
    **Michael Lindinger**
    S.D. Texas Federal ID No. 3144212
    mlindinger@mayerbrown.com
**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, D.C. 20006-1101
Tel. (202) 263-3000

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT WELDBEND CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF-system for the Southern District of Texas and that the ECF-system will send a Notice of Electronic Filing to the following CM/ECF participant(s) on this the 2nd day of January, 2019:

| **Counsel for Defendants:** | **By Email:** |
|---|---|
| Andrew J. Levander | andrew.levander@dechert.com |
| Mauricio A. España | mauricio.espana@dechert.com |
| Hector Gonzalez | hector.gonzalez@dechert.com |
| David Gerger | dgerger@gkhfirm.com |
| Mariel Bronen | mariel.bronen@dechert.com |
| Emlyn Mandel | emlyn.mandel@dechert.com |

*s/Saul Perloff*
Saul Perloff
**Attorney-In-Charge for Plaintiffs/Counter-Defendants**