IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, L.P., *et al.*, | § § § | |
| Plaintiffs, VS. | § § § | CIVIL ACTION NO. 4:17-CV-1400 |
| ULMA PIPING USA CORP., *et al.*, | § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants' Motion to Exclude the Testimony of Dr. Thomas W. Eager (Doc. No. 96 [sealed]), to which Plaintiffs have responded (Doc. No. 117 [redacted], 118 [sealed]). This Court hereby grants in part and denies in part the Defendants' motion.

According to Defendants, Dr. Thomas W. Eager ("Eager"), a metallurgist, offered to testify concerning the percentage or portion of Defendants' products that were normalized (among other opinions). This number is both outside his area of expertise and outside the scope of his own personal knowledge. This area of inquiry is therefore excluded.

The Court overrules Defendants' remaining challenges to Eager's opinions. Defendants may choose to attack these opinions during cross-examination, but the Court has not found reason to ban the testimony. For example, citing a twenty-year-old treatise, Eager opines that normalized products are usually more expensive and that the costs involved in the normalization process range from $10-$100 per ton. Eager is clearly qualified to discuss steel, the normalization process, and its effects on steel. If his cost data is outdated, Defendants can certainly impeach him at trial for using outdated data and/or undercut his expertise by providing more accurate data to the jury.

1

The remainder of Defendants' objections are focused upon the fact that some of Eager's opinions are based in large part on the work done by Dr. Dana Medlin ("Medlin"). This Court has addressed Medlin's opinions and testimony in another order. Defendants consider Medlin's heat-treatment and grain-sizing methodology to be unreliable and imprecise, and accordingly, Defendants claim that Eager's testimony based on Medlin's opinions is similarly flawed. This Court has denied most of Defendants' objections to Medlin. Instead, it found that whatever shortcomings, if any, did not affect admissibility, but instead should be addressed by a rigorous cross-examination. The Court finds the same to be true for Defendants' objections to Eager's testimony.

The fact that Eager relies upon much of the leg-work performed by Medlin does not make his conclusion inadmissible or the overall methodology unreliable. Moreover, if the experts' initial two premises are faulty, as Defendants contend, that should be easily proved. Defendants also claim that Medlin's normalization protocol differs from that set out in certain ASTM protocols. While perhaps true, Defendants have not shown how this precludes the overall opinion of either Medlin or Eager. Neither expert claims that Medlin's procedures complied with a specific ASTM protocol. Their premise is based upon the assumption that a flange (or piece thereof) that has previously been normalized would not exhibit significant changes after being normalized a second time. Defendants have not shown that this assumption is incorrect or that a different normalization process changes that result.[1]

Finally, Defendants complain that this testimony is cumulative. This may very well be true, but that complaint may only be decided in the context of the trial. No federal rule puts a cap on the

---

[1] Indeed, Ulma itself has contended that its non-compliant/non-ASTM heat treatment process constitutes normalization. (Doc. Nos. 92, Ex. 67; 140, Ex. 30). It seems somewhat hypocritical for them to take that position while criticizing Medlin for doing the same thing.

2

number of experts, and this Court will not pre-judge that issue outside of the context of the overall testimony it will hear at trial.

Signed at Houston, Texas this 28th day of June, 2019.

Andrew S. Hanen
United States District Judge