UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, L.P., *et al.*, | § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-1400 |
| ULMA PIPING USA CORP., *et al.*, | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is the Plaintiffs' Motion to Exclude the Expert Report and Testimony of Thomas Varner (Doc. Nos. 99 [redacted], 100 [sealed]), the Defendants' Opposition (Doc. No. 112) and Plaintiffs' Reply (Doc. Nos. 130 [redacted], 131 [sealed], 133 [corrected]). The Court grants in part and denies in part Plaintiffs' Motion.

I.

First, as a matter of course, this Court reiterates its position that it will not allow the introduction of any expert report into evidence absent the agreement of the parties. Reports are a discovery tool designed to inform the opposing party of the expert's background, opinions, and reasoning underlying those opinions. They are not a party's business records nor do they qualify under any other exception to the hearsay rule.

Second, the law concerning *Daubert* motions is well-established and well-briefed by the parties. Consequently, the Court sees no reason to set out a lengthy legal dissertation on this issue. *See Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co, Ltd. v. Carmichael*, 526 U.S. 137 (1999).

1

## II.

Plaintiffs' Motion to Exclude Varner and Defendants' Motion to Exclude Britven share an overarching theme—both motions highlight an essential disagreement to the facts that each expert assumes as a starting point of his opinion. Like its ruling on Defendants' Motion to Exclude Britven, this Court finds that Varner has no training or expertise that makes him an expert in the flange business. As such, the Court hereby grants Plaintiffs' objections to the extent they seek to prevent Varner from offering testimony as an expert in that field. Further, as with Britven, this Court is unable to discern in Varner's background any training or experience that qualifies him as an expert on flange consumer behavior, and he is likewise prohibited from proffering testimony on such.

Nevertheless, like Britven, these limitations do not preclude Varner's ability to analyze financial records concerning costs, sales and profits, and opinion on such. These limitations also do not prohibit Varner from relying on evidence of industry behavior introduced by an expert in that area or from using this evidence as a basis for testimony in his field. Again, as with its ruling concerning Britven, this Court will not and cannot pre-judge the facts that might be admitted and that might ultimately undergird or undermine Varner's opinions. Obviously, if the "fact" he relies upon turn out to be fallacy, it will destroy his opinion as well.

This Court uses this Order as a reminder to counsel for both sides. Rule 703 states:

> Rule 703. Bases of an Expert's Opinion Testimony
> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. <u>If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.</u> But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

(Emphasis added). As a broad proposition, once a witness qualifies as an expert under Rule 702(a)

2

and his or her opinion complies with the requirements of Rule 702(b), (c), and (d), his or her opinion is admissible. Flaws, inaccurate conclusions, omissions and/or exaggerations—while perfect fodder for a strenuous cross-examination—are not generally grounds for prohibiting the witness' testimony.

That having been said, both Britven and Varner have at least partially based their opinions on discussions with the principals of the parties (and perhaps their lawyers) who hired them to review the case. This Court is quite skeptical as to the proposition that these "conversations" qualify as the "kinds of facts or data . . . that experts in the particular field would reasonably rely." As such, to the extent that both sides expect to prove that competition exists between these companies or their products, neither side should expect this testimony to come through Britven or Varner, except as those facts can be derived from financial data.[1] While both experts may be capable of comparing sales figures or analyzing related financial data, neither is qualified outside of that analysis to expound upon the flange manufacturing business, its distribution industry, or upon the flange-buying criteria and manner in which flanges are perceived/used by consumers.

Restated, while this Court is not issuing an advisory opinion or pre-judging the purported testimony upon which it would allow either damage expert to opine, evidence concerning the flange industry must come from someone who is an expert in the field. Once it is actually admitted, this evidence can be the basis upon which other expert testimony is based.

### III.

The Court does grant the motion to exclude, however, in two areas. First, this Court finds irrelevant, and therefore, inadmissible, any opinion that attempts to penalize either Plaintiff for products that are not at issue in this case (and for which there are no pleadings to support a claim of

---

[1] Ironically, it is the Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 114 at 28) that cites Varner's testimony as authority for whether the companies compete.

3

confusion). To that extent, Varner's opinions including "non-infringing" products in his calculations are excluded.

Finally, Ulma has judicially abandoned all counterclaims based upon the Boltex Reference Manuel. Consequently, this Court hereby excludes all testimony concerning theoretical damages resulting from any alleged errors contained therein.

SIGNED at Houston, Texas, this 28th day of June, 2019.

---
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE