United States District Court
Southern District of Texas
**ENTERED**
February 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, L.P., *et al.*, *Plaintiffs*, | § § § § § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-01400 |
| ULMA PIPING USA CORP., *et al.*, *Defendants*. | § § § § | |

## ORDER ON PERMANENT INJUNCTION

Based upon the evidence presented at trial and the subsequent jury findings, the Court hereby finds it appropriate to issue a permanent injunction. In addition to the jury's findings, the Court has issued additional finding of facts in its interlocutory post-verdict order, (Doc. No. 337), and its order addressing Plaintiffs' motion for reconsideration. (Doc. No. 364). The Court does not believe it is necessary to re-hash all those facts here and instead hereby incorporates those factual findings and legal conclusions found in those orders here.

### I.

Plaintiffs, Boltex Manufacturing Company, L.P. ("Boltex") and Weldbend Corporation ("Weldbend"), have sought an order permanently enjoining Defendants from falsely advertising their flanges. To receive a permanent injunction, a Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Based upon the evidence adduced at trial, the jury's verdict, and its prior findings, the Court hereby finds that a permanent injunction is an appropriate remedy to be implemented in this matter. In support of that Order, the Court hereby makes the following additional findings of fact and conclusions of law:

**Plaintiffs Have Shown Irreparable Harm**

Plaintiffs have shown that they have suffered irreparable injury and that those injuries will continue into the future absent this injunction. "The potential for ongoing harm if a defendant continues to make similar false or misleading statements and the likely impossibility of quantifying the extent of harm suffered as a result of false or misleading statements weigh in favor of finding irreparable injury." *Ill. Tool Works Inc. v. Rust-Oleum Corp.*, 346 F. Supp. 3d 951, 956 (S.D. Tex 2018), *appeal docketed*, No. 19-20210 (5th Cir. Apr. 4, 2019). Evidence at trial showed that, even after the filing of this lawsuit, Defendants continued to falsely advertise their flanges as normalized and compliant with the ASTM standards when they were not. Moreover, the potential loss of customers or business may constitute "irreparable" injury, warranting injunctive relief. *Fla. Bus. for Free Enter. v. City of Hollywood*, 648 F.2d 956, 958 nn. 2-3 (5th Cir. 1981). Evidence accepted by the jury in their calculations of lost profits damages (and later by this Court) demonstrates that both Weldbend and Boltex lost market share/profits and sales as a result of Ulma's false advertising due to their ability to sell at a lower price and that those losses will continue to occur as long as the false advertising/mislabeling continues. Therefore, Plaintiffs have shown irreparable harm will result in the absence of an injunction.

**Plaintiffs Have Shown Other Remedies Are Insufficient**

Plaintiffs have shown that money damages will not be adequate to compensate them from this continuous injury. While Plaintiffs will in all likelihood receive some compensation from this

suit, these sums do not restore market share or enable them to recoup lost customers, nor will they cover future harm. Consequently, this injunction is designed to prevent the future harm and non-monetary losses that will befall Plaintiffs, and perhaps others, if Defendants continue to falsely advertise their flanges. As the Court cannot provide monetary relief to compensate for such prospective or non-monetary damages, an injunction is warranted.

## The Balancing of the Relevant Interests Favors an Injunction

The balancing of the relevant interests of the parties and the respective hardships also favors an injunction. If Defendants are now heat-treating (normalizing) their products as some of their witnesses described at trial, they will suffer little or no harm. Nevertheless, if Defendants continue to manufacture and sell flanges that are labeled as being ASTM A105 compliant and/or normalized when they are not, that practice will continue to harm Plaintiffs and others in this marketplace by putting Defendants at an unfair competitive advantage. The Plaintiffs have the right to compete in a fair market that evaluates products based on their relative merits and price, as opposed to falsely advertised qualities. Further, the injunction will protect the other players in the carbon steel flange market. An injunction would serve this purpose, and therefore, the Court finds the balancing of the relevant interests favors an injunction.

## An Injunction Benefits the Public Interest

Finally, an injunction would greatly benefit the public. Mislabeling the qualities and characteristics of a product, like the flanges in question, which are used throughout the petroleum industry, is a dangerous practice. The evidence demonstrates that distributors and end users rely on this labelling as the only other way to make sure the products meet specifications is destructive testing. Accurate labeling, marketing, and advertising is essential. Even when used in settings that are not fraught with danger, accurate advertising and labeling is obviously a benefit to the

public. While the Court recognizes that there is space in the sales industry for puffery, Defendants' representations that their flanges complied with the heat treatment process provided by the ASTM standards at issue go well beyond that. The public deserves truthful product information especially on products as critical as these flanges potentially are, and therefore the Court finds that an injunction benefits the public interest.

## II.

In conclusion, the Court finds that an injunction is necessary in this case. Therefore, the Court grants Plaintiffs' request for an injunction, and issues the attached permanent injunction. All injunctive relief that is not encompassed within the permanent injunction (a draft of which is attached as Exhibit A) is denied.

SIGNED at Houston, Texas this __7__ day of February, 2020.

Andrew S. Hanen
United States District Judge